RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 4/14/10
BY_____

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **DIANN KING AND MIKE KING** | **CIVIL ACTION NO. 09-465** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **BAYER PHARMACEUTICALS CORP., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 61] filed by Defendant Bayer Healthcare Pharmaceuticals, Inc. ("Bayer")[1] against Plaintiffs Diann ("Ms. King") and Mike King. For the following reasons, the Motion is DENIED.

**I. FACTUAL AND PROCEDURAL HISTORY**

This suit was brought under the Louisiana Products Liability Act, LA. REV. STAT. 9:2800.51, *et seq.* ("LPLA"), for alleged injuries caused by Ms. King's ingestion of the prescription drug Ciprofloxacin ("Cipro").

Plaintiffs allege that Ms. King was prescribed Cipro in March 2005, December 2005, July 2006, February 2007, May 2007, September 2007, February 2008, and May 2008. Plaintiffs also allege that, prior to March 2005, Ms. King was prescribed Cipro on an "as needed" basis to treat kidney stones and urinary tract infections.

Plaintiffs allege that Ms. King's ingestion of Cipro caused injuries, first manifesting in March 2007, to both of her feet and ankles, including a fracture, ligament tears, and chronic calcific

---

[1] The Motion was originally filed by Bayer and Schering Corp. However, on March 30, 2010, Schering Corp. was dismissed from this suit. [Doc. No. 74].

insertional Achilles tendonitis of her right foot and ankle.

On March 23, 2009, Plaintiffs filed suit under the LPLA against various manufacturers of Cipro and other companies with connections to the drug. On April 22, 2009, Plaintiffs added Bayer as a Defendant. [Doc. No. 11].

On February 26, 2010, Bayer filed a Motion for Summary Judgment. [Doc. No. 61]. On March 22, 2010, Plaintiffs filed a Response. [Doc. No. 72]. On April 5, 2010, Bayer filed a Reply. [Doc. No. 82].

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

2

574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B.   LPLA

Bayer asserts that Ms. King was not prescribed Cipro manufactured or sold by Bayer, and, thus, she could not have suffered any damages caused by ingestion of Bayer's product.

The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." LA. REV. STAT. 9:2800.52. Under the LPLA, a plaintiff asserting liability against a defendant must prove that the defendant was a manufacturer or seller of the product at issue as defined by statute. *See Stanley v. Wyeth, Inc.*, 07-2080 (La. App. 1 Cir. 2008); 991 So.2d 31, 33 n.2 (citing *Matherne v. Poutrait-Morin/Zefal-Christophe, Todson, Inc.*, 02-2136 (La. App. 1 Cir. 12/12/03); 868 So.2d 114, 119). Furthermore, "a plaintiff must show proximate causation[,] a link between the actions of a manufacturer and the injury-causing product." *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1247 (5th Cir. 1997) (citing LA. REV. STAT. § 2800.54).

Plaintiffs offer the affidavit of Sharon Renee Crawford, a Louisiana licensed pharmacist and the Director of Pharmacy at Richardson Medical Center. Ms. Crawford avers that she reviewed an insurance summary for prescriptions filled at Richardson Medical Center between 2000 and 2010, and that Ms. King was prescribed Cipro manufactured by Bayer on three occasions: June 21, 2001; October 4, 2002; and March 19, 2003. The Court finds that there is a genuine issue of material fact whether Ms. King was prescribed Cipro manufactured by Bayer between 2001 and 2003.

Bayer argues that Plaintiffs' complaint only alleges that Ms. King was prescribed Cipro in March 2005 and thereafter. However, Plaintiffs' Complaint states:

> "[Ms. King] was given at times the generic brand of Cipro. *Prior to and subsequent to March 14, 2005*, [Ms. King] had suffered from kidney stones and urinary tract infections, and was consequently prescribed Cipro, 500 mg to be taken on an 'as needed' basis."

[Doc. No. 1, ¶ 12] (emphasis added). Plaintiffs' Complaint, therefore, includes allegations that Ms. King ingested Cipro prior to 2005 and would include Cipro manufactured by Bayer and allegedly prescribed to Ms. King between 2001 and 2003.

### C. Prescription

Bayer also argues that Plaintiffs' claims are prescribed on their face.[2] Specifically, Bayer argues that "[t]here is no indication in any part of [Plaintiffs'] Complaint as to why any claims relating to prescriptions over six years ago are not prescribed." [Doc. No. 82, p.3].

"A party generally must assert a delictual claim within one year from the date the injury or damage is sustained." *Hoerner v. Wesley-Jensen*, No. 95-0553 (La. App. 4 Cir. 11/20/96); 684 So.2d 508, 510 (citing LA. CIV. CODE art. 3492). "If the face of the petition shows the prescriptive period has already elapsed, the plaintiff has the burden of establishing that suspension, interruption or renunciation of prescription has occurred." *Id.* (citation omitted). "However, such a limitation must be strictly construed against prescription and in favor of maintaining the obligation sought to be extinguished." *Id.* One way to suspend prescription is through "the judicially created doctrine of *contra non valentem* . . . ." *Id.* "Under this doctrine, prescription is suspended until the plaintiff knows or should know of the damage, the wrongful act and the connection between them." *Id.*

---

[2]Bayer first raises this argument in its Reply to Plaintiff's Response. First, the Court notes that an argument should not be raised for the first time in a reply. Second, even if procedurally appropriate, Bayer's new argument is an attack based on the face of Plaintiffs' Complaint. The Court, therefore, will not require Plaintiffs to produce summary judgment type evidence, but limits its review to Plaintiffs' factual allegations in the Complaint.

(citation omitted).

Plaintiffs allege that Ms. King first suffered from right foot and ankle pain in March 2007. [Doc. No. 1, ¶ 13]. Plaintiffs also allege that Ms. King did not know and reasonably should not have known that ingestion of Cipro caused her damages until, at the earliest, May 2008, when she learned through news media of the potential risks of taking Cipro.[3] Plaintiffs filed this suit in March 2009, less than a year later. Therefore, Plaintiffs have sufficiently alleged that their claims are not prescribed.[4]

### III. CONCLUSION

For the foregoing reasons, Bayer's Motion for Summary Judgment is DENIED.

MONROE, LOUISIANA, this 14 day of April, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] Specifically, Plaintiffs' Complaint states that: "[i]n late May or early June of 2008, Ms. King learned through news media that [c]ipro and other floroquinolones, had been identified by the Federal Drug Administration as carrying a potential risk for tendon ruptures and related foot injuries. Prior to this time frame, Ms. King had no actual or constructed knowledge of the risk or hazard of such injuries from the use/consumption of floroquinolones." [Doc. No. 1, ¶ 17].

[4] If Bayer obtains dispositive summary judgment type evidence that Plaintiffs' claims are prescribed, it is encouraged to file a second motion for summary judgment.